CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 20, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DAKOTAH CHEYENNE HOSEY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:25cv00951** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HEATHER GREEAR** | ) | **By:  Robert S. Ballou** |
| **Defendant.** | ) | **United States District Judge** |

Dakotah Cheyenne Hosey, a Virginia inmate proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983.  By orders entered January 8, 2026, and February 9, 2026, the court directed plaintiff to notify the court in writing immediately upon transfer or release and to provide a new address as well as to pay the filing fee or apply to proceed *in forma pauperis*.  Hosey was advised that a failure to comply would result in dismissal of this action without prejudice.

Correspondence from the court was mailed to plaintiff at his address of record on February 9, 2026, which was returned as undeliverable on March 9, 2026, with no forwarding address provided.  Following a public records search,[1] the returned correspondence was mailed to plaintiff at Indian Creek Correctional Center on April 7, 2026.

As of this date, Hosey has not advised the court of his current address, has not paid the filing fee, has not returned the necessary paperwork to proceed *in forma pauperis*, or had any further communication with the court regarding this action.  He has not complied with the court's

---

[1] Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned…at any stage of the proceeding."  Fed. R. Evid. 201.  This includes taking judicial notice of government websites.  *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017); *Davis v. United States*, No. 7:24-cv-00764, 2026 WL 1008162 *1, fn 1 (W.D. Va. Apr. 14, 2026).

previous orders, and the time for doing so has expired.   Accordingly, the court will dismiss the action without prejudice and strike the case from the active docket of the court.  Hosey may refile the claims in a separate action once he is able to comply with the court's conditions.

Enter:  May 19, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge